**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| JASON AND KRISTY ORTON, | ) | 3:11-cv-00630-ECR-VPC |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | **Order** |
| | ) | |
| FIRST HORIZON NATIONAL CORPORATION; | ) | |
| FIRST TENNESSEE BANK; FIRST | ) | |
| HORIZON HOME LOANS; METLIFE BANK, | ) | |
| N.A.; METLIFE HOME LOANS; MORTGAGE | ) | |
| ELECTRONIC REGISTRATION SYSTEMS, | ) | |
| INC.; THE MORTGAGE LAW FIRM, PLC; | ) | |
| IBM LENDER BUSINESS PROCESS | ) | |
| SERVICES, INC. (LBPS); and DOES | ) | |
| 1-25, Corporations; and ROES 1-25, | ) | |
| Individuals or Partnerships, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiffs are homeowners alleging to be the victims of a predatory lending scheme perpetuated by Defendants.  Now pending are two motions to dismiss, a motion to remand, and a motion to expunge lis pendens.

**I. Background**

In August 2007, Plaintiffs purchased the real property located at 2225 Evergreen Park Drive, Reno, Nevada 89521 (the "Subject Property").  (Grant, Bargain and Sale Deed[1], Ex. A (#22).)  On

---

[1] Defendants request judicial notice of the sale deed, deed of trust, substitution of trustee, election to sell, and other such exhibits.  Under Federal Rule of Evidence 201, a court may judicially

August 17, 2007, Plaintiffs obtained a loan from First Horizon National Corporation ("First Horizon" or "Lender") for $293,653.00 secured by a Deed of Trust secured by the Subject Property. (Deed of Trust, Ex. B (#22).) The Deed of Trust provided that Mortgage Electronic Registration Systems, Inc. ("MERS") "is a separate corporation that is acting solely as nominee of Lender and Lender's successors and assigns." (Id.) The Deed of Trust additionally states that the Lender has the right to appoint a substitute Trustee. (Id.) The Deed of Trust also provides that the "Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to the Borrower." (Id.)

On February 10, 2011, The Mortgage Law Firm PLC as the agent for the beneficiary recorded a Notice of Default and Election to Sell. (Notice of Default, Ex. C (#22).) On May 20, 2011, The Mortgage Law Firm PLC recorded a Notice of Rescission of Notice of Default and of Election to Sell Under Deed of Trust. (Notice of Rescission, Ex D (#22).) On July 6, 2011, a Corporate Assignment of Deed of Trust was recorded with the Washoe County Recorder as document #4020225, assigning the beneficial interest in the subject property to the Federal National Mortgage Association ("Fannie Mae"). (Corporate Assignment of Deed of Trust, Ex. E (#22).) On August 4, 2011, Seterus Inc. as attorney in fact for Fannie Mae substituted First American Title Company as Trustee under the Deed

---

notice matters of public record. Disabled Rights Action Comm. v. Las Vegas Events, Inc., 375 F.3d 861, 866 n. 1 (9th Cir 2004). Therefore, we take judicial notice of these public records.

2

of Trust.  (Substitution of Trustee, Ex. F (#22).)  On August 4, 2011, a Notice of Default and Election to Sell Under Deed of Trust was recorded as document #4028457 with the Washoe County Recorder. (Second Notice of Default, Ex. G (#22).)

On July 22, 2011, Plaintiffs filed this action in state court. Plaintiffs also recorded a Notice of Lis Pendens regarding the Subject Property.  (Notice of Pendency, Ex. 2 (#1).)  On August 24, 2011, Plaintiffs filed an amended complaint.  (Am. Compl. Ex. 4 (#1).)  On August 31, 2011, Defendants removed the action to this Court.  (Petition for Removal (#1).)

Now pending are a Motion to Remand (#6); a Motion to Dismiss (#14) filed by Defendants First Horizon Home Loans, First Horizon National Corporation, First Tennessee Bank, MetLife Bank, N.A., Metlife Home Loans, and joined by Defendants IBM Lender Business Process Services, Inc., and MERS; a Motion to Expunge Lis Pendens (#20), a Motion to Dismiss (#21) filed by IBM Lender Business Process Services, Inc. and MERS; and a Motion for Hearing (#31) re: Motion to Dismiss filed by Defendants.

## II. Motion to Remand (#6)

### A. Standard

A defendant may remove an action from state court to federal court if the federal court would have had original subject matter jurisdiction over the action.  28 U.S.C. § 1441(a).  Original jurisdiction must be based either on a claim involving the Constitution, laws, or treaties of the United States, 28 U.S.C. § 1331, or on diversity of citizenship, which applies to suits

3

totaling more than $75,000 in controversy between citizens of different states, 28 U.S.C. § 1332(a).  Federal jurisdiction under 28 U.S.C. § 1332(a) requires "complete diversity of citizenship between the parties opposed in interest." Kimtz v. Lamar Corp., 385 F.3d 1177, 1181 (9th Cir. 2004).

"In cases where entities rather than individuals are litigants, diversity jurisdiction depends on the form of the entity." Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006). An unincorporated association such as a partnership or limited liability company has the citizenship of all of its members.  Id. Thus, "the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be." Hart v. Terminex Int'l, 336 F.3d 541, 543 (7th Cir. 2003) (citation omitted).

A motion to remand is the proper procedure for challenging removal.  Babasa v. LensCrafters, Inc., 498 F.3d 972, 974 (9th Cir. 2007).  The removal statute must be strictly construed to limit the federal court's authority to that expressly provided by Congress and to protect the states' judicial powers.  Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941).  Any doubt about the right of removal is resolved in favor of remand.  Durham v. Lockheed Martin Corp., 445 F.3d 1247, 1252 (9th Cir. 2006).  The party seeking removal bears the burden of establishing by a preponderance of the evidence that all removal requirements are met.  Etheridge v. Harbor House Rests., 861 F.2d 1389, 1393 (9th Cir. 1988).

When an amended complaint has been filed after removal, propriety of removal is "determined according to the plaintiffs'

pleading at the time of the petition for removal." <u>Pullman Co. v. Jenkins</u>, 305 U.S. 534, 537 (1939); <u>Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.</u>, 159 F.3d 1209, 1213 (9th Cir. 1998).

The party asserting jurisdiction in federal court bears the burden of proof, by a preponderance of the evidence, that the amount in controversy requirement has been met. <u>Sanchez v. Monumental Life Ins. Co.</u>, 102 F.3d 398, 403 (9th Cir. 1996).

**B. Discussion**

In their Motion to Remand (#6), Plaintiffs request that we remand the action to state court because the parties are not diverse. Specifically, Plaintiffs argue that Defendants Cindy Hutchins and Capital Title Company of Nevada ("Capital Title") are or have been residents of Nevada at all relevant times. These defendants were not initially named in the original complaint, but were included in an amended complaint filed before the removal of the action to this Court.

Defendant Cindy Hutchins is alleged to be an the escrow officer who marketed and sold the mortgage in question to the Plaintiffs as an employee of Capital Title. (Am. Compl. ¶ 11 (#1).) Because escrow agents are not liable for their employment-related conduct in these foreclosure cases, Defendant Hutchins must be dismissed and her citizenship cannot defeat diversity jurisdiction. <u>See, e.g.</u>, <u>Florio v. Sierra Pac. Mortg. Co., Inc.</u>, No. 3:10-cv-00524-RCJ-RAM, 2011 WL 221726, at *3 (D. Nev. Jan. 20, 2011). Defendant Hutchins is also alleged to be the employee of other defendants at points in the amended complaint, but Plaintiffs have not shown that they have

5

any legitimate claims against this individual, who acted merely as an agent-employee in allegedly selling the mortgage to Plaintiffs.

Allegations against Defendant Capital Title are similarly deficient. Capital Title is mentioned only twice in the amended complaint. First, it is alleged to have sold the mortgage loan to Plaintiffs in conjunction with First Horizon. (Am. Compl. ¶ 12 (#1).) Second, it is described as the original trustee on the Deed of Trust. (Id. ¶ 39.) Plaintiffs cannot establish that Capital Title as trustee breached any duties to Plaintiff because the trustee owed Plaintiff no duty as a matter of law. See Brown v. Fed. Home Loan Mortg. Corp., No. 2:11-CV-01228, 2011 WL 5877545, at *2 (D. Nev. Nov. 23, 2011) ("[The trustee] asserts that all other claims must also be dismissed, because a trustee owes no duties other than those required by statute. . . . [T]he Court agrees that [the trustee] does not owe special duties to Plaintiff.").

None of the causes of action are properly brought against Capital Title. The only causes of action that are directed, even vaguely, at Capital Title, are the Unfair Lending Practices claim, the fraud claims, the conspiracy claim, unjust enrichment, and a claim for wrongful foreclosure. While each of these claims will be discussed in greater detail below, the insufficiency of the causes of action against Capital Title will briefly be discussed here.

The Unfair Lending Practices claim alleges that Capital Title as Trustee in the original mortgage agreement violated the Unfair Lending Practices Act. Other than alleging that Capital Title was the trustee, Plaintiffs do not include any other relevant allegations. The statute applies only to lenders, and furthermore,

6

1  the statute of limitations is two years on such a claim.  Plaintiffs
2  obtained the original loan in August of 2007, and the lawsuit was
3  not filed until 2011.  Plaintiffs included no allegations showing
4  that the statute of limitations should be tolled, and other than
5  claiming that Capital Title was the original trustee, did not
6  include any other specific allegations relating to Capital Title.
7  Therefore, Capital Title was not a proper defendant to this claim.
8      Nor are there relevant allegations tying Capital Title to the
9  other claims for unjust enrichment, conspiracy, fraud, or wrongful
10 foreclosure.  Indeed, Plaintiffs do not allege that Capital Title is
11 a participant in the foreclosure proceeding.  They are lumped in,
12 presumably, for claims that are asserted against "Trustee
13 Defendants," a term that was used in the original complaint, also
14 without definition, before these two defendants were added in the
15 amended complaint.  While the burden of showing that diversity
16 jurisdiction exists lies with Defendants, the amended complaint on
17 its face shows that both Cindy Hutchins and Capital Title are not
18 proper defendants to any of the claims as pled, and therefore we
19 find that those defendants must be dismissed and the Motion to
20 Remand (#6) must be denied, as there is no challenge to the
21 diversity of the remaining parties to this action.

### III. Motions to Dismiss (##14, 21)

**A. Standard**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) will only be granted if the complaint fails to "state a claim to relief that is plausible on its face."  Bell Atl. Corp. v.

7

1  Twombly, 550 U.S. 544, 570 (2007); see also Ashcroft v. Iqbal, 129
2  S. Ct. 1937, 1953 (2009) (clarifying that Twombly applies to
3  pleadings in "all civil actions").  On a motion to dismiss, except
4  where a heightened pleading standard applies, "we presum[e] that
5  general allegations embrace those specific facts that are necessary
6  to support the claim."  Lujan v. Defenders of Wildlife, 504 U.S.
7  555, 561 (1992) (quoting Lujan v. Nat'l Wildlife Fed'n, 497 U.S.
8  871, 889 (1990)) (alteration in original); see also Erickson v.
9  Pardus, 551 U.S. 89, 93 (2007) (noting that "[s]pecific facts are
10 not necessary; the statement need only give the defendant fair
11 notice of what the . . . claim is and the grounds upon which it
12 rests.") (internal quotation marks omitted).  Moreover, "[a]ll
13 allegations of material fact in the complaint are taken as true and
14 construed in the light most favorable to the non-moving party."  In
15 re Stac Elecs. Sec. Litig., 89 F.3d 1399, 1403 (9th Cir. 1996)
16 (citation omitted).
17      Although courts generally assume the facts alleged are true,
18 courts do not "assume the truth of legal conclusions merely because
19 they are cast in the form of factual allegations."  W. Mining
20 Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).  Accordingly,
21 "[c]onclusory allegations and unwarranted inferences are
22 insufficient to defeat a motion to dismiss."  In re Stac Elecs., 89
23 F.3d at 1403 (citation omitted).
24      Review on a motion pursuant to Fed. R. Civ. P. 12(b)(6) is
25 normally limited to the complaint itself.  See Lee v. City of L.A.,
26 250 F.3d 668, 688 (9th Cir. 2001).  If the district court relies on
27 materials outside the pleadings in making its ruling, it must treat
28
                                    8

the motion to dismiss as one for summary judgment and give the non-moving party an opportunity to respond. FED. R. CIV. P. 12(d); see United States v. Ritchie, 342 F.3d 903, 907 (9th Cir. 2003). "A court may, however, consider certain materials — documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice — without converting the motion to dismiss into a motion for summary judgment." Ritchie, 342 F.3d at 908.

If documents are physically attached to the complaint, then a court may consider them if their "authenticity is not contested" and "the plaintiff's complaint necessarily relies on them." Lee, 250 F.3d at 688 (citation, internal quotations, and ellipsis omitted). A court may also treat certain documents as incorporated by reference into the plaintiff's complaint if the complaint "refers extensively to the document or the document forms the basis of the plaintiff's claim." Ritchie, 342 F.3d at 908. Finally, if adjudicative facts or matters of public record meet the requirements of Fed. R. Evid. 201, a court may judicially notice them in deciding a motion to dismiss. Id. at 909; see FED. R. EVID. 201(b) ("A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.").

**B. Discussion**

    1. Violation of Unfair Lending Practices, N.R.S. § 598D.100

9

Plaintiffs' first cause of action for unfair lending practices in violation of Nev. Rev. Stat. § 598D is time-barred. The statute of limitations for "[a]n action upon a statute for a penalty or forfeiture" is two years.[2]  Nev. Rev. Stat. § 11.190(4)(b). Plaintiffs obtained their loan in August 2007, and filed this lawsuit in July 2011. Plaintiffs argue that the statute of limitations should be tolled because they were not informed that MERS would not take a beneficial interest in the transaction but would be posing as a nominee. However, the loan documents clearly stated that MERS was acting solely as a nominee and holds only legal title. (Deed of Trust, Ex. 2 (#14).) Plaintiffs have wholly failed to provide any allegations supporting the tolling of the statute of limitations.

In addition to untimeliness, Plaintiffs' loans are residential mortgage transactions that do not qualify as home loans under Nev. Rev. Stat. § 598D.100(1)(b). See Weinstein v. Mortg. Capital Assocs, Inc., 2:10-cv-01551-PMP-PAL, 2011 WL 90085, at *4 (D. Nev. Jan. 11, 2011). Plaintiffs argue that the 2007 amendment to N.R.S. § 598D.100 defines home loan under Nev. Rev. Stat. § 598D.100 rather than under the Home Ownership and Equity Protection Act of 1994 ("HOEPA"). However, in Weinstein, the court found that the definition of home loan is the same under the 2003 or 2007 version

---

[2] In previous cases, we have stated that the statute of limitations is three years based on N.R.S. §11.190(3)(a), which provides the statute of limitations for "[a]n action upon a liability created by statute, other than a penalty or forfeiture." Upon reconsideration, we find that the treble damages provided in N.R.S. § 598D.110 is a penalty and the statute of limitations is accordingly two years, not three years. Whether the statute of limitations is properly considered two years or three years, however, does not make a difference in whether this case, or our previous cases, were time-barred.

10

of N.R.S. § 598D, and under both versions, a residential mortgage transaction does not qualify. Weinstein, 2011 WL 90085, at *4.

### 2. Conspiracy to Commit Fraud and Conversion

Plaintiffs claim that Defendants conspired to commit fraud and conversion by forming an association to conspire to deprive Plaintiffs of their property through fraud and misrepresentation that would result in Plaintiffs entering into a loan agreement for which Plaintiffs were ultimately not qualified. A party alleging fraud "must state precisely the time, place, and nature of the misleading statements, misrepresentations, and specific acts of fraud." Kaplan v. Rose, 49 F.3d 1363, 1370 (9th Cir. 1994). In addition, "[a]llegations of conspiracy should be accompanied by the who, what, when, where, and how of the misconduct." Frederick v. Fed. Nat'l Mortg. Ass'n, No. 2:11-cv-00522-GMN-CWH, 2012 WL 1340801 at *4 (D. Nev. Apr. 18, 2012). Here, Plaintiffs fail to provide any specific factual allegations that support a conspiracy, other than generalized statements about Defendants associating to commit a conspiracy. Plaintiffs have not shown in response that there are any such specialized facts necessary to support a conspiracy claim, and shall not be allowed leave to amend.

### 3. Wrongful Foreclosure

Plaintiffs' third cause of action appears to allege that Defendants foreclosed without authority to do so under Nev. Rev. Stat. § 107.080, which we construe to be a claim for wrongful foreclosure based on violation of state recording and foreclosure statutes. Specifically, Plaintiffs allege that Defendants had no right to foreclose because they have not produced the original note

11

to prove the identity of the real party in interest and that the original parties have never declared a default.

In general:

> [W]rongful foreclosure will lie if the trustor or mortgagor can establish that at the time the power of sale was exercised or the foreclosure occurred, no breach of condition or failure of performance existed on the mortgagor's or trustor's part which would have authorized the foreclosure or exercise of the power of sale.

Collins v. Union Fed. Sav. & Loan Ass'n, 662 P.2d 610, 623 (Nev. 1983); see also Cervantes, 656 F.3d at 1044 (plaintiffs cannot state a claim for wrongful foreclosure while in default). "Even if MERS were a sham beneficiary, the lenders would still be entitled to repayment of the loans and would be the proper parties to initiate foreclosure after the plaintiffs defaulted on their loans." Cervantes, 656 F.3d at 1044. Because Plaintiffs do not challenge that they are in default, Plaintiffs have not satisfied the requirements for bringing a general claim for wrongful foreclosure.

Nevada Revised Statutes § 107.080 provides that the power of sale in real property may not be exercised until:

> The beneficiary, the successor in interest of the beneficiary or the trustee first executes and causes to be recorded in the office of the recorder of the county wherein the trust property, or some part thereof, is situated a notice of the breach and of the election to sell or cause to be sold the property to satisfy the obligation.

Nev. Rev. Stat. § 107.080 2(c). An Assignment of Deed of Trust was recorded on Jul 6, 2011 from MERS to Fannie Mae. (Assignment, Ex. # (#22).) The second "Notice of Breach and Default and of Election to Cause Sale of Real Property Under Deed of Trust" was signed by First American Title Insurance Company as agent for Fannie Mae, the

12

beneficiary at the time of the second Notice of Default. (Second Notice of Default, Ex. C (#22).)

In <u>Karl v. Quality Loan Service Corp.</u>, this district noted that Quality was neither the trustee nor the beneficiary when it recorded the notice of default, but claimed on the notice of default to be the agent for the beneficiary. 759 F.Supp.2d 1240, 1246 (D. Nev. 2010). The court in <u>Karl</u> stated that "[a]lthough MERS is not a beneficiary, its agency for the beneficiary under the [deed of trust] extends to administering the [deed of trust] for purposes of foreclosure." <u>Id.</u> The court further stated that:

> [T]here is no defect in foreclosure here under section 107.080(2)(c), as there is in cases where a purported trustee who is named nowhere on the [deed of trust], and for whom evidence of substitution as trustee appears nowhere, files a [notice of default]. . . . There is no question of fact that [Quality] filed the [notice of default] as the agent of MERS, who was the agent of the beneficiary UAMC, and the foreclosure was therefore not improper under section 107.080(2)(c).

<u>Id.</u> No party on whose behalf agency was claimed has come forth disputing that fact.

In <u>Cervantes v. Countrywide Home Loans, Inc.</u>, the Ninth Circuit considered wrongful foreclosure claims based on alleged procedural defects. 656 F.3d 1034, 1044 (9th Cir. 2011).[3] The Ninth Circuit held that "[e]ven if we were to accept the plaintiffs' premises that MERS is a sham beneficiary and the note is split from the deed, we would reject the plaintiffs' conclusion that, as a necessary consequence, no party has the power to foreclose." <u>Id.</u> Plaintiffs'

---

[3] The Ninth Circuit case reviewed a case brought under Arizona law. The conclusions of the Ninth Circuit, however, are equally applicable under Nevada law.

13

arguments that Nevada's foreclosure statutes were violated by the facts that the note was never presented, the note was split from the deed, and other similar arguments have been repeatedly rejected in this Court, and shall be dismissed without leave to amend.[4]

### 4. Fraud Through Omission

Plaintiffs claim that Defendants committed fraud by failing to disclose to Plaintiffs the predatory lending practices and bonuses and inflated salaries paid pursuant thereto. Plaintiffs argue that as a result, they entered into the mortgage contract, and therefore appear to be arguing fraud through omission and in the inducement. In order to state a claim for fraud in the inducement, a plaintiff must show that the defendant knowingly made a false representation with the intent to induce the plaintiff to consent to the contract's formation. J.A. Jones Constr. Co. v. Lehrer McGovern Bovis, Inc., 89 P.3d 1009, 1017 (Nev. 2004).

Defendants were under no obligation to disclose the risks of the loan and whether Plaintiffs could afford it:

> Although the Nevada Supreme Court has not ruled on the issue, this Court and the Ninth Circuit Court of Appeals have predicted that the Nevada Supreme Court would hold that a lender does not owe a fiduciary duty, as "an arms-length lender-borrower relationship is not fiduciary in nature, absent exceptional circumstances."

Megino v. Linear Financial, No. 2:09-CV-00370, 2011 WL 53086 at *5 (D. Nev. Jan. 6, 2011) (quoting Yerington Ford, Inc. v. Gen. Motors

---

[4] To the extent that Plaintiffs' claim is not a wrongful foreclosure claim, Plaintiff has failed to state a claim upon which relief may be granted. "NRS 107.080 does not provide plaintiff homeowners with a private right of action for tort damages." Berilo v. HSBC Mortg. Corp., USA, No. 2:09-cv-02353-RLH-PAL, 2010 WL 2667218, at *3 (D. Nev. June 29, 2010).

14

1  Acceptance Corp., 359 F.Supp.2d 1075, 1090 (D.Nev. 2004), overruled
2  on other grounds by Giles v. Gen. Motors Acceptance Corp., 494 F.3d
3  865 (9th Cir. 2007)); see also Renteria v. United States, 452
4  F.Supp.2d 910, 922-23 (D. Ariz. 2006) (holding that borrowers cannot
5  establish the reliance element of their claim because lenders have
6  no duty to determine the borrower's ability to repay the loan); Oaks
7  Mgmt. Corp. v. Superior Court of San Diego Cty., 51 Cal. Rptr. 3d
8  561, 570 ("[A]bsent special circumstances . . . a loan transaction
9  is at arms-length and there is no fiduciary relationship between the
10 borrower and the lender.") (citations omitted).

11      Furthermore, a party alleging fraud "must state precisely the
12 time, place, and nature of the misleading statements,
13 misrepresentations, and specific acts of fraud." Kaplan v. Rose, 49
14 F.3d 1363, 1370 (9th Cir. 1994). Because a claim for fraud in the
15 inducement cannot depend upon Plaintiff's allegations, Plaintiff's
16 claim for fraud in the inducement must be dismissed. Nor has
17 Plaintiff shown that there are any facts upon which a proper fraud
18 claim may be brought against Defendants, and therefore, Plaintiff
19 shall not be granted leave to amend this claim.

20      Under Nevada law, a claim for fraudulent concealment must plead
21 that defendant concealed or suppressed a material fact that he or
22 she was under a duty to disclose to the plaintiff. Nev. Power Co.
23 v. Monsanto Co., 891 F. Supp. 1406, 1415 (D. Nev. 1995) (citing
24 Nevada Jury Instruction 9.03). Like many of Plaintiffs' claims,
25 this claim fails on its face because it is well-settled that lenders
26 and servicers owe no fiduciary duties to mortgage borrowers.
27 Megino, 2011 WL 53086 at *5  (quoting Yerington Ford, 359 F.Supp.2d

28                                15

1  at 1090, overruled on other grounds by Giles, 494 F.3d 865; see also
2  Kwok v. Recontrust Co., No. 2:09-cv-02298, 2010 WL 255615, at *5 (D.
3  Nev. June 23, 2010); Saniel v. Recontrust Co., No. 2:09-cv-2290,
4  2010 WL 2555625, at *5 (D. Nev. June 23, 2010); Renteria, 452
5  F.Supp.2d at 922-23 (holding that borrowers cannot establish the
6  reliance element of their claim because lenders have no duty to
7  determine the borrower's ability to repay the loan); Oaks Mgmt.
8  Corp, 51 Cal. Rptr. 3d at 570.
9       Plaintiffs' allegations in support of this claim are vague and
10 conclusory, asserting only that Defendants failed to disclose
11 certain facts about the inner workings of the mortgage industry,
12 that Plaintiffs were not qualified for the loans, and that
13 Defendants had no right to foreclose on Plaintiffs' property.
14 Moreover, Plaintiffs cannot show that Defendants owed them a duty to
15 disclose these alleged facts.  For this reason, Plaintiffs' claim
16 for fraud through omission must be dismissed without leave to amend.
17           5. Contractual Breach of the Duty of Good Faith and Fair
18 Dealing
19      Plaintiffs' fifth claim also fails.  Pursuant to Nevada law,
20 "[e]very contract imposes upon each party a duty of good faith and
21 fair dealing in its performance and execution." A.C. Shaw Constr.
22 v. Washoe Cty., 784 P.2d 9, 9 (Nev. 1989) (quoting Restatement
23 (Second) of Contracts § 205).  This duty requires each party not to
24 do anything to destroy or otherwise injure the rights of the other
25 to receive the benefits of the contract.  Hilton Hotels Corp. v.
26 Butch Lewis Prods., Inc., 808 P.2d 919, 923 (Nev. 1991).  To prevail
27 on a cause of action for breach of the implied covenant of good
28

faith and fair dealing, a plaintiff must show: (i) the plaintiff and defendants were parties to a contract; (ii) the defendant owed plaintiff a duty of good faith and fair dealing; (iii) the defendant breached the duty by performing in a manner unfaithful to the purpose of the contract; and (iv) the plaintiff's justified expectations were denied. Fitzgerald, 2011 WL 2633502 at *6 (citing Perry v. Jordan, 900 P.2d 335, 338 (Nev. 1995)).

Plaintiffs claim that Defendants breached the implied covenant by "fail[ing] to disclose material facts" and "fail[ing] to properly qualify Plaintiffs for the subject mortgage loan" but does not explain what material terms were undisclosed. (Am. Compl. ¶ 67 (#1).) Plaintiffs have failed, however, to allege a single fact that would establish that the manner in which Defendants complied with the contracts at issue contravened the intention or spirit of the contracts. Plaintiffs' claim for breach of the implied covenant of good faith and fair dealing will therefore be dismissed.

### 6. Tortious Breach of Implied Duty of Good Faith and Fair Dealing

Nor can Plaintiffs allege a tortious breach of the duty of good faith and fair dealing. Such a tort "requires a special element of reliance or fiduciary duty" not found in the relationship between a lender and a borrower absent "grievous and perfidious misconduct." See Great Am. Ins. Co. v. Gen. Builders, Inc., 934 P.2d 257, 263 (Nev. 1997); see also Masoner v. Mortg. Elec. Registration Sys., Inc., No. 3:11-cv-00233-LRH-VPC, 2011 WL 3047676, at *2 (D. Nev. July 22, 2011). Plaintiffs have not alleged that there is a special

relationship between them and the Defendants "other than a standard arms-length loan transaction." Masoner, 2011 WL 3047676, at *2.

### 7. Civil Conspiracy

Plaintiffs' seventh cause of action is largely identical to the conspiracy charge in their second cause of action and shall be dismissed for the reasons stated above.

### 8. Unjust Enrichment

Under Nevada law, a claim of unjust enrichment "is not available when there is an express, written contract, because no agreement can be implied when there is an express agreement." Leasepartners Corp. V. Robert L. Brooks Trust, 942 P.2d 182, 187 (Nev. 1997) (per curiam). Plaintiffs allege that defendants have received years of monthly payments "under the terms of the Notes and Deeds of Trust executed by Plaintiffs." (Am. Compl. ¶ 76 (#1).) Because any alleged enrichment of Defendants depends on terms of Plaintiff's loan, which is an express written contract, a theory of unjust enrichment must be rejected and leave to amend shall not be granted for this claim.

### 9. Deceptive Trade Practices

Plaintiffs' ninth cause of action for violation of the Nevada Unfair and Deceptive Trade Practices Act, Nev. Rev. Stat. § 598.0923, also fails as a matter of law. The statute provides that a person engages in deceptive trade practices when he or she knowingly conducts his or her business or occupation without all required state, county, or city licenses. NEV. REV. STAT. § 598.0923(1). However, the statutes explicitly state that the following activities do not constitute doing business in Nevada: (1)

18

1  maintaining, defending or settling any proceeding; (2) creating or
2  acquiring indebtedness, mortgages and security interests in real or
3  personal property; and (3) securing or collecting debts or enforcing
4  mortgages and security interests in property securing the debts.
5  NEV. REV. STAT. § 80.015(1)(a), (g), (h).  Because Defendants are
6  explicitly exempted from the need to acquire licenses, the Court
7  dismisses Plaintiff's second cause of action without leave to amend.

        10. Fraud in the Inducement

9       Plaintiffs' fraud in the omission claim concerned the same
10 allegations and was considered under the standard for fraud in the
11 inducement as well as in the omission, and this claim shall be
12 dismissed for the reasons stated in that section.

                **IV. Motion to Expunge Lis Pendens (#20)**

15      Nevada statutory law allows a Notice of Pendency or a Lis
16 Pendens to be filed for an action pending in the United States
17 District Court for the District of Nevada when there is "a notice of
18 an action affecting real property, which is pending," in any such
19 court.  NEV. REV. STAT. § 14.010(2).  As this Order dismisses this
20 action, Defendants' motion to expunge lis pendens is granted.  See
21 McKinnon v. IndyMac Bank F.S.B., No. 2:11-CV-00607-KJD-GWF, 2012 WL
22 194426, at *5 (D.Nev. Jan. 23, 2012) (granting motion to expunge lis
23 pendens after dismissing all claims).

25 ///
26 ///
27 ///

                                   19

## V. Conclusion

**IT IS, THEREFORE, HEREBY ORDERED** that the Motion to Remand (#6) is **DENIED**. Defendants Cindy Hutchins and Capital Title Company of Nevada are dismissed.

**IT IS FURTHER ORDERED** that the Motions to Dismiss (##14, 21) are **GRANTED**. Plaintiffs' claims are deficient against all Defendants and must be dismissed. Because the Court has found that amendment would be futile, leave to amend shall not be granted.

**IT IS FURTHER ORDERED** that the Motion to Expunge Lis Pendens (#20) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Motion for Hearing (#31) is **DENIED** as moot.

The Clerk shall enter judgment accordingly.

DATED: June 4, 2012.

_Edward C. Reed_
UNITED STATES DISTRICT JUDGE